UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE SANCHEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No.: 25-cv-2736-RSH-SBC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP AND DISMISSING COMPLAINT**<br><br>[ECF No. 2] |

On October 14, 2025, plaintiff Monique Sanchez, proceeding *pro se*, initiated this action and filed a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 ("Compl."); 2.

**I.     MOTION TO PROCEED IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the

prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life[.]" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Here, Plaintiff's affidavit in support of her IFP motion is incomplete. The majority of the boxes are blank. In leaving these boxes blank, it may have been Plaintiff's intent to communicate that the value of the income, assets, or liabilities at issue are zero; or that she has no employment history, for example. The Court will provide Plaintiff an opportunity to file an amended affidavit to make this intent clear. Accordingly, her IFP motion is denied without prejudice to refiling.

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

//

Here, upon review, the Complaint is inadequate. First, Plaintiff's sole claim, under the Federal Tort Claims Act ("FTCA"), appears to be time-barred. The Complaint alleges psychological and emotional injury to Plaintiff arising from an incident on November 13, 2013, in which an off-duty Border Patrol agent fired shots at a moving vehicle, inside of which were a woman and child. Compl. ¶¶ 5–7. Plaintiff was a minor at the time. *Id.* ¶ 6. Plaintiff alleges that she recently reached the age of majority and filed an administrative claim with the U.S. Department of Homeland Security in 2025, over eleven years after the incident.

To sue under the FTCA, a plaintiff must first file a claim with the responsible government agency within two years of the accrual of the claim. 28 U.S.C. § 2401(b); *Booth v. United States*, 914 F.3d 1199, 1202 (9th Cir. 2019). A claim accrues "when a plaintiff knows or has reason to know of the injury which is the basis of [the] action." *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008). The two-year limitation is not tolled by virtue of the fact that the plaintiff is a minor. *Booth*, 914 F.3d at 1205 ("[W]e have never recognized minority tolling for the FTCA's statute of limitations.") (collecting cases). To invoke the separate doctrine of equitable tolling, "a litigant must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 1207.

In *Booth*, the Ninth Circuit explained:

> *Particular* circumstances connected to one's age could support equitable tolling. For example, there may be cause for equitable tolling if a minor is abandoned by his parents and/or guardians and so left unprotected. Likewise, some states have recognized that equitable tolling may be appropriate where a minor is "a ward of the state without a next friend or guardian of his estate" or "has a guardian of his person with interests possibly adverse to his own," or where the cause of action is not reasonably knowable by the plaintiff or her parents because of her minority.
>
> Still, minority alone is not the type of exceptional circumstance described above. In multiple cases involving minors with FTCA claims,

>this Court has considered whether minority tolling applies (and held that it does not), and then separately considered whether equitable tolling applies and concluded that there was not a sufficient basis for equitable tolling.

*Id.* (citations omitted). Plaintiff's FTCA claim is thus time-barred under 28 U.S.C. § 2401(b) absent any factual basis for equitable tolling.

Second, the Complaint fails to adequately plead non-conclusory facts plausibly establishing her entitlement to relief under the FTCA. An FTCA claim must allege the following six elements: (1) it is against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any federal government employee; (5) while the employee was acting within the scope of their office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Brownback v. King*, 592 U.S. 209, 212 (2021); *see also Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 292 (1988) (to prove a claim for negligence, a plaintiff must show "defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury"). Here, the Complaint does not adequately allege facts establishing negligence on the part of the off-duty agent, or that such individual was acting within the scope of his employment.

//
//
//
//
//
//
//
//
//

### III. CONCLUSION

For the foregoing reasons, Plaintiff's IFP application [ECF No. 2] is **DENIED**. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee and for failure to state a claim. Plaintiff is **GRANTED** *forty-five (45) days* from the date on which this Order is electronically docketed to: (1) either file a new IFP motion or pay the entire $405 statutory and administrative filing fee; and (2) file an Amended Complaint that corrects the deficiencies identified herein. If Plaintiff fails to comply with either of the foregoing requirements, the Court will dismiss the action without prejudice.

**IT IS SO ORDERED.**

Dated: October 30, 2025

*[signature: Robert S. Huie]*
_____
Hon. Robert S. Huie
United States District Judge