UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE SANCHEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No.: 25-cv-2736-RSH-SBC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IFP AND DISMISSING COMPLAINT**<br><br>[ECF No. 5] |

　　　　On October 14, 2025, plaintiff Monique Sanchez, proceeding *pro se*, initiated this action and filed a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. The complaint advanced a single claim under the Federal Tort Claims Act ("FTCA"), based on an incident on November 12, 2013 in which an off-duty Border Patrol agent discharged a firearm at a vehicle, resulting in distress to Plaintiff, who was then an eight-year-old.

　　　　On October 14, 2025, the Court entered an order (1) denying Plaintiff's IFP motion and (2) dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. ECF No. 3. The Court denied Plaintiff's IFP motion because the financial information provided by Plaintiff was incomplete. *Id.* at 2. The Court dismissed the complaint on the grounds that Plaintiff's FTCA claim was time-barred, and failed to adequately plead non-conclusory facts plausibly establishing her entitlement to relief under

the FTCA. *Id.* at 3-4. The Court granted Plaintiff leave to re-file an IFP motion and file an amended pleading. *Id.* at 5.

On November 18, 2025, Plaintiff filed her Amended Complaint and a renewed IFP motion. ECF Nos. 4, 5. The Amended Complaint adds, among other things, that the off-duty agent "fired two gunshots at Plaintiff's family vehicle during a minor shoplifting incident." ECF No. 4 ¶ 11. The Amended Complaint reasserts her claim under the FTCA, and adds claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and pursuant to 42 U.S.C. § 1983 for constitutional violations. Although the original complaint named only the United States as a defendant, the Amended Complaint also names the Chula Vista Police Department and Doe Defendants 1 through 10.

## I.    MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

The Court previously denied Plaintiff's IFP motion on the grounds that the supporting financial affidavit she submitted was incomplete. Plaintiff's renewed motion is substantially complete, and establishes the requisite level of financial need. Plaintiff's application is therefore granted.

//

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint by a plaintiff proceeding *pro se* is "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). *Pro se* pleadings are construed liberally. *Id.* Nonetheless, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A *pro se* litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

### A. FTCA Claim

The Amended Complaint, like Plaintiff's initial pleading, brings a tort claim against the United States based on the incident on November 12, 2013. The Court previously dismissed this claim as time-barred, because Plaintiff did not file a claim with the responsible government agency within two years of accrual of her claim. ECF No. 3 at 3-

4. The Court also discussed the legal standard for equitable tolling. *Id.*

The Amended Complaint does not address this deficiency. The Amended Complaint alleges that the off-duty Border Patrol agent's conduct "constitutes negligence, assault, battery, and intentional infliction of emotional distress," and that Plaintiff suffered psychological and emotional injury as a result of that conduct. ECF No. 4 ¶¶ 23, 24. The Amended Complaint provides no basis to conclude that Plaintiff's FTCA claim first accrued any later than the incident itself, which occurred in 2013. Plaintiff has not established the timely filing of a government claim. While the original complaint alleged that she filed a government claim in 2025, her Amended Complaint omits any mention of when she filed the claim. The Amended Complaint alleges a "cover-up" in non-specific terms, and alleges that Plaintiff "discovered the full extent of the cover-up" on September 23, 2025, "after a detailed conversation with a family member revealed facts that had been concealed," *id.* ¶ 18, but does not set forth a basis for equitable tolling, under which, as the Court previously advised, "a litigant must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in [her] way." *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019) (citation omitted). Plaintiff's FTCA claim is therefore dismissed.

**B.** ***Bivens*** **Claim**

The Amended Complaint also includes a *Bivens* claim against the John Doe off-duty Border Patrol agent who fired the gunshots. In order to state such a claim, a plaintiff must show two elements: (1) the defendant acted under color of federal law; and (2) the defendant deprived her of a right secured by the Constitution or laws of the United States. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003); *see also Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."). The statute of limitations for a *Bivens* claim is equivalent to that applicable to personal injury actions in the forum states. *Van Strum*, 940 F.2d at 410. California has a two-year personal injury statute of limitations, Cal. Civ. Proc. Code § 335.1, which is

applicable to Plaintiff's *Bivens* claim here. *See Yasin v. Coulter*, 449 F. App'x 687, 689 (9th Cir. 2011). "[A] *Bivens* claim accrues when the plaintiff knows or has reason to know of the injury." *Western Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2002).

The Amended Complaint alleges that Plaintiff's Fourth and Fifth Amendment rights were violated as a result of the "agent's use of deadly force against an unarmed civilian family." ECF No. 4 ¶ 31. This claim, like the FTCA claim, is based on the 2013 shooting incident; Plaintiff filed this lawsuit and her Amended Complaint in 2025. Despite the Court's prior order, the Amended Complaint does not plead any facts that would prevent her personal injury claims based on that incident from being time-barred. Like the FTCA claim, Plaintiff's *Bivens* claim is dismissed as untimely.

### C.  Section 1983

The remaining claims in the Amended Complaint are brought against the Chula Vista Police Department and Doe defendants pursuant to Section 1983 for violation of due process and equal protection, based on an alleged failure to investigate the 2013 shooting and intentional concealment of the off-duty agent's misconduct.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

The Amended Complaint invokes due process and equal protection. "Substantive due process protects individuals from arbitrary deprivation of their liberty by [the] government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "[T]o establish a constitutional violation based on substantive due process, [a plaintiff] must show both a deprivation of her liberty and conscience-shocking behavior by the government." *Id.* To

state a claim for violation of the Equal Protection Clause, a plaintiff must allege "four separate elements: (1) that the plaintiff was treated differently from others similarly situated; (2) this unequal treatment was based on an impermissible classification; (3) that the defendant acted with discriminatory intent in applying this classification; and (4) the plaintiff suffered injury as a result of the discriminatory classification." *Lam v. City & Cnty. of San Francisco*, 868 F. Supp. 2d 928, 951 (N.D. Cal. 2012).

A municipality may not be vicariously liable under Section 1983 for an injury caused by its employee or agent. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, municipalities may be held liable as "persons" under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Id.* A plaintiff may recover under *Monell* under one of three theories. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). First, "a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Id.* at 1249 (quoting *Monell*, 436 U.S. at 708). Second, "under certain circumstances, a local government may be held liable under § 1983 for acts of 'omission,' when such omissions amount to the local government's own official policy." *Id.* Third, "a local government may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 1250 (internal quotations omitted).

"The statute of limitations for section 1983 actions is determined by state law." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). "Section 1983 actions are characterized as personal injury actions for statute of limitations purposes." *Id.* The statute of limitations for personal injury actions in California is two years. Cal. Civ. Proc. Code § 335.1; *see also Owens v. Okure*, 488 U.S. 235, 249–50 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims

should borrow the general or residual statute for personal injury actions."); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (applying § 335.1's limitations period to Section 1983 claim). In contrast, "[f]ederal law . . . governs when civil rights claims accrue." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955 (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)).

The Amended Complaint asserts that the Chula Vista Police Department "failed to properly investigate or record the misconduct" of the off-duty Border Patrol agent, ECF No. 4 ¶ 15, and further that "police officers collaborated with federal agents to conceal or alter the facts of the incident, suppressing evidence of the shooting," *id.* ¶ 16. The Amended Complaint contains no further detail beyond these highly generalized statements.

The Court concludes that Plaintiff has failed to plead non-conclusory facts plausibly establishing a violation of her due process or equal protection rights by persons acting under color of state law. Nor has she pleaded a basis for municipal liability under *Monell*. Plaintiff's Section 1983 claims are therefore dismissed for failure to state a claim.

### D. Leave to Amend

The Court previously granted Plaintiff leave to amend her FTCA claim to address the deficiencies identified by the Court. Plaintiff's Amended Complaint did not address those deficiencies. Her FTCA claim remains time-barred and the Court concludes that further amendment of this claim would be futile. The Court also concludes that amendment of Plaintiff's *Bivens* claim, brought for the first time in her Amended Complaint but substantially similar to her FTCA claim, would be futile in light of the applicable statute of limitations.

Plaintiff's Section 1983 claims against the Chula Vista Police Department and its unidentified personnel, brought for the first time in the Amended Complaint, are so lacking in underlying factual allegations that the Court cannot rule out the possibility that Plaintiff could amend these claims to state a claim. Plaintiff's Section 1983 claims, like her FTCA

and *Bivens* claims, may be time-barred. The Court grants Plaintiff leave to amend these Section 1983 claims with the requirement that Plaintiff identify the timeframe for each of her underlying factual allegations.

Accordingly, the Court grants Plaintiff leave to file a second amended complaint for the sole purpose of addressing the deficiencies identified herein as to her Section 1983 claims. This leave does not extend to allowing Plaintiff to replead her FTCA or *Bivens* claims, or to add further state or federal claims or additional defendants; although in connection with her Section 1983 claims, Plaintiff may identify by name any individual currently identified as a "Doe" defendant. Plaintiff shall file her second amended pleading within ***forty-five (45) days*** of the date of this order. If Plaintiff files a second amended complaint that exceeds the scope of the leave granted by this order, the pleading will be stricken. Failure to timely file an amended complaint will result in dismissal of the action.

### III. CONCLUSION

For the foregoing reasons:

1. Plaintiff's IFP application [ECF No. 5] is **GRANTED**.
2. The Amended Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).
3. Plaintiff is **GRANTED** leave to file a second amended complaint as provided herein.

**IT IS SO ORDERED.**

Dated: December 3, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge